## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL MAAS RISENHOOVER, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-12-556-D |
| | ) | |
| HILARY CLINTON; TIM | ) | |
| KUYKENDALL; LINDA STINNETT; | ) | |
| SUE McKENZIE; JANA FORD ESQ.; | ) | |
| WASHINGTON COUNTY | ) | |
| COMMUNITY SERVICES; KARI ANN | ) | |
| LINDSTROM; PATRICIA KINZER; | ) | |
| THERESA WILSON; JENNA | ) | |
| PENNFIELD; GREGORY BROOKER; | ) | |
| SECRETARY RICE; THE AMERICAN | ) | |
| INSTITUTE TAIWAN; JOHN AND | ) | |
| JANE DOE(S); YING LIANG; DR. | ) | |
| PENGFEI ZHANG; NANCY | ) | |
| RISENHOOVER; TERRY | ) | |
| RISENHOOVER; KATHLEEN | ) | |
| SEBELIUS; AND BARACK HUSSEIN | ) | |
| OBAMA, | ) | |
| | ) | |
| Defendants. | ) | |

# O R D E R

Before the Court is Plaintiff Paul Maas Risenhoover's ("Risenhoover") Motion for

Reconsideration [Dkt. # 9] of the Order dated May 29, 2012 [Dkt. # 7], dismissing his action

pursuant to 28 U.S.C. § 1915(3)(2)(B)(ii) for failure to state a claim on which relief can be

granted.  Plaintiff, appearing *pro se* and *in forma pauperis*, argues that the Court erred in

dismissing his action without first permitting him the opportunity to amend his Complaint.

For the reasons set forth below, Risenhoover's Motion is DENIED.

## I.  Background

Risenhoover filed suit on May 16, 2012, seeking a declaration that his failure to pay child support in accordance with the terms of a state-court[1] child custody order was "lawful[ly] excuse[d]" because it was in "protest against [the] felonious racist child abuse" allegedly perpetuated against his child, A.R.Y.L.L.R.  Compl. at 1-2.   Risenhoover was granted *in forma pauperis* status on May 23, 2012 [Dkt. # 5], and pursuant to the directives of 28 U.S.C. § 1915, the district judge originally assigned to this matter reviewed the allegations of the Complaint and found that the action was barred by the *Rooker-Feldman* doctrine.   Under subsection (e)(2)(B)(ii) of § 1915, an Order of Dismissal (the "May 29 Order") was entered for failure to state a claim on which relief may be granted.  Risenhoover moved for reconsideration on July 3, 2012 [Dkt. # 9], and the case was reassigned to the undersigned on July 26, 2012 [Dkt. # 10].

## II.  Legal Standard

The three major grounds that can justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (*citing Van Skiver v. United States*,

---

[1]  It is not immediately clear from Risenhoover's Complaint whether the earlier state-court decision was rendered in Oklahoma or Minnesota.  However, this distinction is immaterial to the Court's analysis because the *Rooker-Feldman* doctrine precludes federal review of state-court judgments, regardless of which State's courts originally adjudicated the matter.

952 F.2d 1242, 1243 (10th Cir. 1991)).  However, the purpose of a motion to reconsider is not to provide a litigant with the opportunity to fine-tune arguments that were poorly presented the first time around.  *See Servants of the Paraclete,* 204 F.3d at 1012.

## III.  Application

Plaintiff does not claim that there has been an intervening change in controlling law, nor does he present any new evidence suitable for the Court's consideration.  Although Plaintiff does not cite the *Servants of the Paraclete* standard, the Court construes the instant Motion to Reconsider as seeking to invoke the need to correct clear error or prevent manifest injustice.  The error alleged is the failure to "accord pro se filers liberality of consideration in construing the elements of their causes of actions."  Pl.'s Mem. in Supp. of its Mot. to Reconsider ("Pl.'s Mem.") at 1.  In lieu of dismissal, Plaintiff argues that the Court should have granted him leave to amend his Complaint.  *Id.*

Upon review of the Order of Dismissal entered on May 29, 2012 (the "May 29 Order"), however, this Court finds no error in dismissing the action instead of granting Plaintiff the opportunity to amend his Complaint because amendment would be futile. Dismissal was entered pursuant to 28 U.S.C. § 1915(3)(2)(B)(ii), which directs a court to dismiss the case "at any time" if the court determines that the action fails to state a claim on which relief can be granted.  In the May 29 Order, the Court determined that it lacked subject matter jurisdiction over Plaintiff's claims because of the application of the *Rooker-Feldman*[2]

---

[2]  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

doctrine.

In his motion to reconsider, Plaintiff does not contest the continued viability of the *Rooker-Feldman* doctrine. Instead, he advises the Court that the underlying state court proceedings at issue in the instant federal suit were entered by the courts of the State of Oklahoma and not by those of Minnesota, as was incorrectly stated in the May 29 Order. Pl.'s Mem. at 1. This factual discrepancy, however, is immaterial because the *Rooker-Feldman* doctrine precludes federal review of state-court judgments, regardless of which State's courts originally adjudicated the matter. *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1139 (10th Cir. 2006) ("The Rooker-Feldman doctrine prohibits federal suits that amount to appeals of state-court judgments."); *see also Lance v. Dennis*, 546 U.S. 459, 460 (2006) ("The *Rooker-Feldman* doctrine prevents lower courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'") (*quoting Exxon Mobil Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

In the May 29 Order, the court noted that "Plaintiff's Complaint is rambling and virtually incoherent, but it appears that Plaintiff feels wronged by a child support order entered some years ago in Minnesota, and the consequences of an arrearage arising following that order." *Risenhoover v. Clinton et al.*, Case No. 12-0556-D, Order Dismissing Case (May 29, 2012). Consequently, the court found Plaintiff's action to be barred by the Rooker-Feldman doctrine. *Id*. Upon review of the Complaint, this Court agrees that it lacks subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Plaintiff's claims stem from

4

a 1997 Oklahoma child support order, and Plaintiff seeks an Order excusing him from paying his child support obligations during the period of time he alleges his son was subjected to "felonious racist child abuse" while in his mother's care.  Compl. at 1-2.  However, Plaintiff cannot use a federal lawsuit to undermine the 1997 Oklahoma child support order.  Plaintiff must file an action in an appropriate state court to obtain review of his child support obligations and other issues regarding the welfare of his son.

Finding the May 29 Order correct in holding that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, and finding no other basis for exercising jurisdiction over Plaintiff's claims, this Court finds no error in dismissing the Complaint in lieu of granting Plaintiff leave to amend.  Accordingly, the Motion for Reconsideration is DENIED.

## IV.  Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration [Dkt. # 9] is DENIED.

IT IS SO ORDERED this 2nd day of January, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE